# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ORION MARINE CONTRACTORS, INC.,

        Plaintiff,

        v.

CITY OF SEWARD,

        Defendant.

Case No. 3:15-cv-000151-SLG

## ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Before the Court are Orion Marine Contractors, Inc.'s Motion for Summary Judgment at Docket 22, and the City of Seward's Cross-Motion for Summary Judgment at Docket 31. Both motions have been fully briefed.[1] Oral argument was held on the motions on June 21, 2016.

## FACTS & PROCEEDINGS

In July 2014, the City of Seward (the City) issued a public notice inviting bids on its Breakwater Rock Production project. Rock for the breakwater was to be taken from the City's quarry, but conditions in the quarry required that the contractor extract rock from previously untested areas.[2]

---

[1] *See* Docket 25 (City Opp'n); Docket 33 (Orion Reply); Docket 35 (Orion Opp'n); Docket 38 (City Reply).

[2] Docket 23-1 (Contract Documents) at 4; Docket 25-3 (Invitation to Bid).

In recognition of the fact that the untested areas of the quarry might produce insufficient rock for the project, the City divided the contract into four phases: a "Base Bid" and three "Additive Amounts." The Base Bid phase required only "opening the quarry and production of 10,000 pounds of primary armor [rock]."[3] The three "Additive Amounts" covered the production and stockpiling of the rock to be used for the breakwater.[4] The contract also included an addendum, added after the bid forms were sent out, that allowed a contractor to request termination of the contract after completion of the Base Bid phase.[5] Titled "Addendum No. 3," this document provided in part that

> [a] request for termination of the Contract may [be] initiated by the Contractor after the Base Bid is completed. The quarry development plan will initially establish the blasting plan, etc. and this will be reviewed by the City's Consultant. If the plan is not achievable during the first phase, the Contractor may request termination of the contract. This will be subject to additional review by the City.[6]

Orion Marine Contractors, Inc. (Orion) was the low bidder on the project with a total bid of $6,150,900, which included $1,520,000 for the Base Bid phase.[7] A lump-sum bid item of $873,000 for "Mobilization and Demobilization" was included in Orion's Base Bid amount. The City's bid schedule had included "Mobilization and Demobilization" as a bid item in the Base Bid phase only; the "Mobilization and Demobilization" item did not appear

---

[3] Docket 23-1 (Contract Documents) at 4; Docket 25-3 (Invitation to Bid).

[4] Docket 23-1 (Contract Documents) at 103, 105, 115–17.

[5] Docket 23-1 (Addendum No. 3) at 111; Docket 25-5 (Addendum No. 3).

[6] Docket 23-1 (Addendum No. 3) at 111; Docket 25-5 (Addendum No. 3); *see also* Docket 23-1 (Contract Documents) at 71–73 (Section 14.4, Termination for Convenience).

[7] Docket 23 (Erickson Decl.) at ¶ 6; Docket 23-1 (Bid Schedule) at 113–117; Docket 25-6 (Orion's Bid) at 1–5.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 2 of 14

in the bid item schedules for any of the three additive phases.[8] Orion signed the contract with the City agreeing to receive a total of $6,150,900 in exchange for its completion of all four phases of the project.[9]

Part 4 of Section 01505 of the contract addressed the payment for the mobilization and demobilization (mob/demob) bid item. That provision, which is quoted in its entirety at page seven of this order, allowed Orion to recover its mob/demob bid item incrementally, based on the amount of work performed. It provided that when Orion had completed 4% of the original contract amount of $6,150,900, it was entitled to a partial payment, and when Orion had completed 8% of the original contract amount, it was entitled to another partial payment.[10] Orion began work on the Base Bid of the contract in the fall of 2014. Orion presented submittals to the City for mob/demob payments at both the 4% mark and just short of the 8% mark.[11] The City paid Orion a total of $492,072 for the two submittals, which amounted to roughly 56% of the $873,000 Orion had bid for mob/demob.

On November 17, 2014, Orion completed the Base Bid phase. However, Orion had by then determined that due to a "lower than expected" rock yield, it could not feasibly complete the three additive phases of the contract at the contract price.[12] Orion first

---

[8] Docket 23-1 (Bid Schedule) at 113–117; Docket 25-6 (Orion's Bid) at 1–5.

[9] Docket 31-9 (Contract) at 1.

[10] Docket 23-1 (Section 01505, Part 4) at 109.

[11] Docket 25-11 (Pay Application No. 2) at 2.

[12] Docket 23 (Erickson Decl.) at ¶ 7.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 3 of 14

proposed a price modification to the contract, which the City rejected. Orion then requested "termination for convenience" pursuant to Addendum No. 3 and Section 14.4.2 of the contract—the termination for convenience provision—on November 25, 2014.[13] On December 2, 2014, the City accepted Orion's request for termination.[14]

During the ensuing closeout process, the City informed Orion that "[t]he recently approved payment for mob/demob of $492,072.00 from Pay Request 2 will be the full amount for this category since full mobilization was not performed to support the contract Additive production requirements. The final payment request will not include any further amounts in this item."[15]

On February 17, 2015, Orion submitted a claim to the City for $380,928—the difference between Orion's bid amount for mob/demob ($873,000) and the amount it had been paid for that item ($492,072).[16] Orion's claim explained that its request for the full mob/demob amount was being made under Part 4 of Section 01505, the section of the contract specifically covering payment for the mob/demob bid item.[17] On March 2, 2015, the Project Manager denied Orion's request for the additional mob/demob payment.[18]

---

[13] Docket 23 (Erickson Decl.) at ¶ 7; Docket 23-1 (Erickson Letter) at 121; Docket 23-1 (Contract Documents, Section 14.4.2) at 72 ("When the CITY orders termination of the Work effective on a certain date, all Work in place as of that date will be paid for in accordance with Article 13 of the Contract.").

[14] Docket 23 (Erickson Decl.) at ¶ 10.

[15] Docket 25-12 (Wise Letter) at 1. At the closeout of the project, Orion had incurred $278,974 in mob/demob costs. Docket 25-7 (Leick Depo.) at 3.

[16] Docket 25-13 (Erickson Letter) at 1.

[17] Docket 25-13 (Erickson Letter) at 4. The provision is quoted *infra*, at page 7.

[18] Docket 25-14 (Wise Letter) at 2.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 4 of 14

Orion appealed to the City Manager. On May 1, 2015, the City Manager affirmed the Project Manager's decision to reject Orion's request for additional payment for mob/demob.[19] On August 26, 2015, Orion filed this case against the City for breach of contract, seeking to recover the $380,928 that it asserts it is due under the contract.[20]

## DISCUSSION

### I. Jurisdiction

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000.

### II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court must draw "all justifiable inferences" in the non-moving party's favor.[21] In this case, the parties do not dispute the underlying facts, and both assert that summary judgment is appropriate.[22] The question is which party is entitled to judgment as a matter of law based on those agreed-upon facts.

---

[19] Docket 1 (Complaint) at ¶¶ 15–16; *see* Docket 4 (Answer) at ¶¶15–16.

[20] Docket 1 (Complaint) at ¶¶ 18–21.

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[22] Docket 22 (Orion Mot.); Docket 31 (City Mot.); Docket 44 (Minute Entry).

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 5 of 14

## III. The Contract Dispute

Because the Court is sitting in diversity, it applies the substantive law of the forum state, Alaska.[23] The Alaska Supreme Court interprets contracts so as to give effect to the parties' reasonable expectations.[24] "Those expectations are discerned from the language of the disputed provisions, other provisions, and relevant extrinsic evidence, with guidance from case law interpreting similar provisions."[25] A court will depart from the plain meaning of the contract only if the contract is ambiguous. A contract is ambiguous only if, taken as a whole, it is "reasonably subject to differing interpretations."[26] "The mere fact that the parties disagree about the proper interpretation of the contract does not mean that the contract is ambiguous."[27]

Both parties assert that the contract is unambiguous.[28] Orion asserts that the contract language unambiguously requires the City to pay the full mob/demob amount when the contract is terminated after the Base Bid has been completed, and hence it is due the $380,928 under the contract. The City assets that the same contract language unambiguously requires completion of the entire contract before it is obligated to pay the

---

[23] *See Erie Railroad v. Tompkins*, 304 U.S. 64 (1938).

[24] *Lingley v. Alaska Airlines, Inc.*, No. S-15529, __ P.3d __, 2016 WL 2812936, at *3 (Alaska May 13, 2016); *Williams v. Crawford*, 982 P.2d 250, 253 (Alaska 1999).

[25] *Williams*, 982 P.2d at 253; *see also Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 305 P.3d 309, 316 (Alaska 2013).

[26] *Tesoro Alaska Co. v. Union Oil Co. of Ca.*, 305 P.3d 329, 333 (Alaska 2013).

[27] *Nelson v. Progressive Cas. Ins. Co.*, 162 P.3d 1228, 1234 (Alaska 2007).

[28] Docket 22 (Orion Mot.) at 8; Docket 25 (City Opp'n/Mot.) at 1–2, 15–16.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 6 of 14

full amount set out in the bid for mob/demob, and hence it has not breached its contract with Orion and does not owe any additional amounts.[29]

The relevant portion of the contract, Part 4 of Section 01505, provides as follows:

A. When 4% of the original contract amount from other bid items is earned, 40% of the amount bid for mobilization and demobilization, or 4% of the original contract amount, whichever is less[,] will be paid.
B. When you earn a total of 8% of the original contract amount from other bid items, an additional 40% of the amount bid for mobilization and demobilization, or an additional 4% of the original contract amount, whichever is less, will be paid.
C. The remaining balance of the amount bid for Mobilization and Demobilization will be paid *after all submittals under the Contract are received and approved.*[30]

The term "Contract," as used in subpart C of this provision, is defined elsewhere in the contract as "[t]he written agreement between the CITY and the CONTRACTOR setting forth the obligations of the parties and covering the Work to be performed, all as required by the Contract[] Documents."[31] The contract defines "Work" as "the act of, and the result of, performing services, furnishing labor, furnishing and incorporating materials and equipment into the Project and performing other duties and obligations, all as required by the Contract Documents. Such Work, however incremental, will culminate in the entire completed Project, or the various separately identifiable parts thereof."[32] And the term "Contract Documents" is defined as "[t]he Contract form, Addenda, the bidding

---

[29] Docket 22 (Orion Mot.) at 8–9; Docket 25 (City Opp'n/Mot.) at 15–22.

[30] Docket 25-4 (Contract Documents) at 6 (emphasis added).

[31] Docket 23-1 (Contract Documents) at 34. In this definition, "Contractor Documents" is capitalized as though it is a defined term, but only "Contract Documents" is included in the definition section. The Court concludes that "Contractor" was a typo and that the definition meant to refer to the defined term "Contract Documents."

[32] Docket 23-1 (Contract Documents) at 36.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 7 of 14

requirements and CONTRACTOR'S bid (including all appropriate bid tender forms), the bonds, the Conditions of the Contract and all other Contract requirements, the Specifications, and the Drawings furnished by the CITY to the CONTRACTOR, together with all Change Orders and documents approved by the Contracting Officer for inclusion, modifications and supplements issued on or after the Effective Date of the Contract."[33]

A second contract provision, Section 14.4.2, is also relevant. That provision specifies certain costs that will be paid when the contract is terminated for convenience, in that it provides that the "part of the job start-up and phase-out costs not amortized by the amount of Work accomplished shall be paid by the CITY."[34] Here, the parties appear to agree that mob/demob is amortized such that it would not be payable under Section 14.4.2 upon termination of the contract for convenience.[35] Certainly a fair reading of the three sections of Part 4 of Section 01505 would supports conclusion.[36] And although Orion has not specifically stated as much, the fact that it did not move for the balance of the mob/demob bid item under Section 14.4.2 supports a conclusion that it did not maintain that mob/demob was recoverable under that provision. Thus, the Court finds that under the contract, the mob/demob bid item is payable only under the specific mob/demob provision set forth at Part 4 of Section 01505.

---

[33] Docket 23-1 (Contract Documents) at 34.

[34] Docket 23-1 (Contract Documents) at 72.

[35] Docket 25 (City Opp'n/Mot.) at 8; Docket 35 (Orion Opp'n/Reply) at 11.

[36] Black's Law Dictionary defines *Amortize* as "[t]o extinguish (a debt) gradually." BLACK'S LAW DICTIONARY 93 (8th ed. 2004).

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 8 of 14

At its core, the parties dispute whether the phrase "all submittals under the Contract" in Part 4(C) of Section 01505 means submittals for the entire contract, made up of all four stages, or whether it refers to submittals for only the Base Bid stage when there has been a termination for convenience by the contractor. Orion asserts that once it conveyed all submittals under the Base Bid stage and those submittals were accepted, it was entitled to the full amount of its mob/demob bid item. Orion cites to the fact that the mob/demob bid item was included in only the portion of the bid form addressing the Base Bid phase. Orion asserts that its analysis is reasonable because it could not terminate the contract before completing the Base Bid phase.[37] Once it had completed the Base Bid phase and terminated the contract, Orion asserts that it was no longer contractually obligated to perform any more of the contract, such that the closeout submittals constituted "all submittals" required under the contract.[38] In the alternative, Orion asserts that it was never obligated to perform anything other than the Base Bid phase of the contract, and that the "subsequent additive phases were always contingent" on the success of the Base Bid phase.[39]

The City responds that "Contract" refers to all four phases of the contract, and not only to the first phase of the contract. It asserts that under Orion's theory, Orion could perform only a small fraction of the work but collect the entire mob/demob amount so long as the City paid any submittals presented to it, making the amortization provision

---

[37] Docket 22 (Orion Mot.).

[38] Docket 35 (Orion Opp'n/Reply) at 8–9.

[39] Docket 35 (Orion Opp'n/Reply) at 3–5, 11.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 9 of 14

superfluous. The City asserts that it is clear from the contract and correspondence that the "Contract" was for the Base Bid phase as well as the three additional phases; there were not separate contracts for each different phase. And it asserts that the specifications of the contract control over the bid forms, so the inclusion of the mob/demob in only the Base Bid page of Orion's bid is not persuasive.[40] Finally, the City notes that the contract was for $6,150,900 of work, "meaning that all submittals [required under the Contract] could not be in until those submittals reflected $6,150,900 in work."[41]

The Court is unpersuaded by Orion's assertion that because it was able to terminate the contract early for convenience, the three additive phases were contingencies that were not part of the original contract. The use of a termination for convenience provision results in the early termination of a contract, with only partial performance, but without a remedy for breach.[42] It is a method by which a party may limit its exposure for the risk of being unable to perform an entire contract, not a means by which a party may create a new contract with a decreased scope. Here, the Court finds that the plain language of the contract between the City and Orion makes it clear that the parties contracted for the Base Bid *and* the three additive phases, not solely for the Base Bid; these three phases were not contingent, separate contracts. Upon signing the

---

[40] Docket 25 (City Opp'n/Mot.) at 16–19 (citing Docket 25-4 (General Conditions) at 2–3 (providing order of control in case of discrepancies among documents)).

[41] Docket 25 (City Opp'n/Mot.) at 20; Docket 23-1 (Bid Schedule) at 117.

[42] *See* 5 BRUNER & O'CONNOR, CONSTRUCTION LAW § 18:45 (2016) ("The thrust of the termination for convenience clause is to convert the contractor's compensatory damages interest from 'expectancy' to 'reliance' damages."); *Winmar, Inc. v. Al Jazeera Int'l*, 741 F.Supp.2d 165 (D.D.C. 2010) (noting that the purpose of a termination clause is to "permit a party receiving services to unilaterally cancel its contractual obligations and still avoid committing a breach that would expose it to damages").

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 10 of 14

contract, Orion became obligated to perform all of that contract, unless and until the entire contract was completed or terminated for convenience.[43] This reading is strengthened by Orion's express reference to $6,150,900 as the full contract amount in its first mob/demob invoice submitted under Section 01505 when it sought mob/demob payment for completion of 4% of the project.[44]

Thus, because a new contract did not arise when the original contract was terminated for convenience, the term "Contract" as used in part C of the mob/demob provision can only rationally be read to refer to that original contract. Likewise, it follows that the term "all submittals" refers to the submittals required under these additive phases as well. Several points further influence this decision. First, the Court finds that the specific amortized payments provisions of A and B of Part 4 of Section 01505 would be largely superfluous if at the end of the Base Bid phase the contractor was entitled to receive the entire mob/demob payment. Sections A and B could still remain as a means of spreading out the payment of the mob/demob over the course of the Base Bid phase, but the last two payments would likely be in such rapid succession that the three separate timing provisions serve little purpose. For example, in this case, Orion submitted its invoice for the second 4% the day before it exercised its right to terminate.[45] Second,

---

[43] The contract was structured so that the contract would terminate if the City approved Orion's request for early termination; Orion could not unilaterally terminate the contract on its own. *See* Docket 23-1 (Section 14.4.2) at 72, 111 ("[T]he Contractor may request termination of the contract. This will be subject to additional review by the City.").

[44] Docket 25-9 (Orion Invoice). The invoice for completion of 8% of the contract also appears to be based on the full contract price.

[45] Docket 25-11 (Pay Application No. 2); Docket 23 (Erickson Decl.) at ¶ 7.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 11 of 14

paying the contractor the entire mob/demob bid item upon termination of only the Base Bid phase would appear to conflict with the termination for convenience provision itself. For that provision explicitly states that upon termination, the contractor receives a variety of payments for extra costs, but these payments specifically do not include the amortized amounts under the mob/demob provision.[46] If a contractor could receive its entire mob/demob bid item after termination for convenience under subpart 4(C), it would conflict with the termination provision. In contrast, the City's proposed reading of Part 4 of Section 01505 is consistent with the termination for convenience provision and it does not require reading in extra verbiage, which Orion's interpretation requires: "after all submittals under the Contract[*'s Base Bid phase*] are received and approved."

In *Quality Asphalt Paving, Inc. v. State, Department of Transportation and Public Facilities*, the Alaska Supreme Court encountered a similar situation.[47] There, the state retained Quality Asphalt Paving (QAP) for a road-paving project, but the project soon encountered a roadblock, and the state terminated the contract. QAP then sought to recover the entire mob/demob line item in the contract; the state refused to pay any more than the actual mob/demob costs incurred, citing the limited work that QAP had performed on the project. The Alaska Supreme Court held that the amount of mob/demob that the parties had agreed to must be read in light of the fact that QAP had "covenant[ed] and agree[ed] to furnish and deliver *all the materials* and to *do and perform all the work*."[48]

---

[46] *See* Docket 23-1 (Section 14.4.2) at 72.

[47] 71 P.3d 865 (Alaska 2003).

[48] *Quality Asphalt Paving*, 71 P.3d at 870 (emphasis in original).

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 12 of 14

The court observed that QAP "did not deliver all the materials, and it did not perform all the work," and it was therefore reasonable to base the "award on costs incurred rather than the 'agreed price' for complete performance."[49]

Orion argues that *Quality Asphalt Paving* is inapplicable because here the contract contained a specific provision controlling the payment of the mob/demob bid item, while the operative provision in *Quality Asphalt Paving* was only a general payment provision.[50] However, in *Quality Asphalt Paving*, QAP asserted, like Orion here, that its mob/demob item was an "agreed price" that should be fully recoverable under the specific "agreed price" term of the termination provision, but the Alaska Supreme Court upheld the use of cost incurred because QAP had not reached the "complete performance" that the court found necessary to trigger application of the "agreed price."[51] Although the contract in this case contains different language, the Court finds that *Quality Asphalt Paving* is sufficiently analogous to have informed Orion's reasonable expectations. And based on *Quality Asphalt Paving*, the Court finds that Orion could not have had a reasonable expectation that it would be paid its entire mob/demob bid item when it had completed only one of the four phases of the contract.

The Court finds that the City has proposed the only reasonable interpretation of the phrase "all submittals under the Contract" in Part 4(C) of Section 01505 given the

---

[49] *Id.* The Court also notes that on a costs-incurred basis, Orion has already recovered considerably more than its actual mob/demob expenses. And yet, as Orion correctly observed, its base bid was the lowest of all the bidders, even including the entire mob/demob amount.

[50] Docket 33 (Orion Reply/Opp'n) at 13–14.

[51] *Quality Asphalt Paving*, 71 P.3d at 870.

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 13 of 14

plain language of the parties' contract, the circumstances of the formation of the contract, and the surrounding contract provisions. Under that interpretation, the City does not owe the entire mob/demob bid amount when only the Base Bid was completed. Accordingly, the Court will grant summary judgment to the City.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff Orion Marine Contractors, Inc.'s Motion for Summary Judgment at Docket 22 is DENIED. The City of Seward's Cross-Motion for Summary Judgment at Docket 31 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly. The trial date and all associated pre-trial deadlines are VACATED.

DATED this 3rd day of August, 2016.

>*/s/ Sharon L. Gleason*
>UNITED STATES DISTRICT JUDGE

3:15-cv-00151-SLG, *Orion v. City of Seward*
Order re Cross-Motions for Summary Judgment
Page 14 of 14